## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| APRIL MCKEEL, on behalf of herself and all others similarly situated, | ) ) Civil Action No.:   2:19-82 |
| Plaintiff, | ) ) ) |
| v. | ) **CLASS AND COLLECTIVE** ) **ACTION COMPLAINT** |
| BOB EVANS FARMS, INC.; BOB EVANS FARMS, LLC; BOB EVANS RESTAURANTS, LLC.; and DOE DEFENDANTS 1-10, | ) ) **JURY TRIAL DEMANDED** ) |
| Defendants. | ) ) |

Plaintiff April McKeel ("McKeel" or "Plaintiff"), on behalf of herself and all others similarly situated, alleges as follows:

### INTRODUCTION

1.      This is a class and collective action brought on behalf of "Tipped Employees" who work or have worked at restaurants operating under the trade name Bob Evans that are/were owned and operated and/or managed by Defendants Bob Evans Farms, Inc., Bob Evans Farms, LLC, and Bob Evans Restaurants LLC, (collectively, "Defendants"), and have been subject to the unlawful practices detailed herein.

2.      Upon information and belief, the employment practices complained of herein occurred at all of Bob Evans locations at issue, as Defendants utilized common labor policies and practices at each of their locations.  Accordingly, Defendants are responsible for the employment practices complained of herein.

3.      Bob Evans is a nationwide restaurant chain, according to the Company's website, Bob Evans "owns and operates over 500 locations in 18 states, primarily in the Midwest, mid-Atlantic and Southeast regions of the United States." *See* https://www.bobevans.com/about-us/our-company (last visited November 20, 2018).

4.      In Pennsylvania, Bob Evans has at least 34 restaurant locations.  One such location is the New Stanton restaurant, which is located at 104 Bair Blvd. New Stanton, PA 15672 ("New Stanton restaurant").

5.      Bob Evans employs individuals in a tipped capacity, namely "servers" ("waiters and "waitresses") or "bussers" (collectively, "Tipped Employees"), who are and/or were subjected to Defendants' unlawful pay practices.  As tipped employees, these individuals were primarily responsible engaging as "front of house" employees – e.g., interacting with Defendants' customers/patrons.  Tipped Employees accomplished their job duties by, among other things, taking customers' orders, serving customers their food, and/or cleaning the customers' tables so that new customers can be seated and served.

6.      As explained in detail below, despite Bob Evans purported success, it systematically and willfully deprived Plaintiff and Tipped Employees all wages due and owing in violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, ("FLSA"), the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. § 333.101, *et seq.*, and the Wage Payment and Collection Law, 43 Pa. S. § 260.1, *et seq.,* ("WPCL"), by, among other things, failing to satisfy the notice requirements of the tip credit provisions of the FLSA and PMWA.

7.      Moreover, Defendants also violated applicable wage and hour laws by failing to calculate and pay Tipped Employees the proper overtime rate due and owing for weeks when Tipped Employees worked in both a tipped and non-tipped job capacity and worked in excess of forty (40) hours that work week.

8.      In addition, Defendants violated the PMWA and WPCL (collectively, "PA State Laws") when they required Plaintiff and other Tipped Employees to perform numerous job duties when there was no possibility for that employee to generate tips, such as before the restaurant

opened or after it had closed or when a Tipped Employee was "cut" for the night (e.g., they were no longer responsible for serving customers and instead had to perform solely cleaning/stocking work). This is in contravention of applicable Pennsylvania state law.

9.    As a result of the aforementioned pay practices, Plaintiff and the members of the Classes (defined below) were illegally under-compensated for their work.

## SUMMARY OF CLAIMS

10.    Plaintiff brings this action as a collective action to recover unpaid wages, pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq*. ("FLSA" or the "Act").

11.    In particular, Plaintiff brings this suit on behalf of the following similarly situated persons:

> All current and former Tipped Employees who have worked for Defendants in the United States within the statutory period covered by this Complaint, and elect to opt-in to this action pursuant to the FLSA, 29 U.S.C. § 216(b) (the "Collective Class").

12.    In addition, Plaintiff also brings this suit on behalf of the following similarly situated persons for unpaid overtime wages pursuant to the FLSA:

> All current and former Tipped Employees who have worked in excess of forty hours in one or more work weeks under both tipped and a non-tipped job codes for Defendants in the United States within the statutory period covered by this Complaint, and elect to opt-in to this action pursuant to the FLSA, 29 U.S.C. § 216(b) (the "Collective OT Class").

13.    Plaintiff also brings this action as a state-wide class action to recover unpaid wages pursuant to PA State Laws.

14.    Specifically, Plaintiff brings this suit on behalf of a class of similarly situated persons composed of:

> All current and former Tipped Employees who have worked for Bob
> Evans in the Commonwealth of Pennsylvania during the statutory
> period covered by this Complaint (the "PA Class").

15.     In addition, Plaintiff also brings this suit on behalf of a class of similarly situated persons for unpaid overtime wages pursuant to PA State Laws:

> All current and former Tipped Employees who have worked in
> excess of forty hours in one or more work weeks under both tipped
> and a non-tipped job codes for Defendants in the Commonwealth of
> Pennsylvania during the statutory period covered by this Complaint
> (the "PA OT Class").

16.     The Collective Class, the Collective OT Class, the PA Class, and the PA OT Class are hereafter collectively referred to as the "Classes."

17.     Plaintiff alleges on behalf of the Collective Class that they are: (i) entitled to unpaid minimum wages from Defendants for hours worked for which Defendants failed to comply with the notice provisions of the tip credit and pay the mandatory minimum wage, as required by law and (ii) entitled to liquidated damages pursuant to the FLSA, 29 U.S.C. § 201 *et seq.*

18.     Plaintiff alleges on behalf of the Collective OT Class that they are: (i) entitled to unpaid overtime wages from Defendants for hours worked for which Defendants failed to calculate the proper overtime rate and (ii) entitled to liquidated damages pursuant to the FLSA, 29 U.S.C. § 201 *et seq.*

19.     Plaintiff alleges on behalf of the PA Class that Defendants violated PA State Laws by failing to comply with the tip credit provisions, as required by law, and consequently failing to pay them the appropriate minimum wages for all hours worked.  In addition, Defendants also violated PA State Laws by failing to pay PA Class members the full minimum wage for time spent performing non-tip generating work.

20.     Plaintiff alleges on behalf of the PA OT Class that Bob Evans violated PA State Laws by failing to calculate and pay the proper overtime rate for weeks where Tipped Employees worked in excess of forty (40) hours working in both tipped and non-tipped job codes.

## PARTIES

21.     Plaintiff April McKeel is a resident of the Commonwealth of Pennsylvania who was employed by Bob Evans as a "server" at its New Stanton restaurant location.  While employed as a server, Defendants failed to compensate Plaintiff properly for all hours worked.

22.     Pursuant to Section 216(b) of the FLSA, Plaintiff has consented in writing to be a plaintiff in this action.  Her executed Consent To Sue form is attached hereto as Exhibit A.

23.     Defendant Bob Evans Farms, Inc. ("BEF, Inc.") is a publicly traded Delaware corporation that is the parent corporation of Bob Evans Farms, LLC.

24.     Defendant Bob Evans Farms, LLC ("BEF, LLC") is an Ohio limited liability company and a wholly-owned subsidiary of BEF, Inc.

25.     Upon information and belief, BEF, Inc. and BEF, LLC owned al the Bob Evans Restaurants through at least April 28, 2017.  During the statutory period covered by this Complaint BEF, Inc. and BEF, LLC have transacted business within the Commonwealth of Pennsylvania, including within this district.

26.     At material times as alleged in this Complaint, Defendants BEF, Inc. and BEF, LLC were the employers of the Tipped Employees of the Bob Evans restaurants, as defined by the FLSA. 29 U.S.C. § 203(d)

27.     Defendant Bob Evans Restaurants, LLC ("BER, LLC") is a Delaware limited liability company that is wholly owned by the San Francisco-based private equity firm Golden

Gate Capital. BER was duly organized in Delaware on January 10, 2017.  It first registered to do business in Ohio as a foreign limited liability company on February 21, 2017.

28.     Upon information and belief, Defendant BER, LLC currently owns and operates the chain of Bob Evans Restaurants located across the United States.  BER, LLC maintains its corporate office at 8111 Smith's Mill Road, New Albany, Ohio 43054.  In addition, BER, LLC maintains the website "www.bobevans.com." During the statutory period covered by this Complaint, Defendant Bob Evans Restaurants has transacted business within the Commonwealth of Pennsylvania, including within this district.

29.     Plaintiff is unaware of the names and the capacities of those defendants sued as DOES 1 through 10 but will seek leave to amend this Complaint once their identities become known to Plaintiff. Plaintiff believes there are additional entities employing Tipped Employees that have not yet been identified. Upon information and belief, Plaintiff alleges that at all relevant times each defendant was the officer, director, employee, agent, representative, alter ego, or co-conspirator of each of the Defendants.  In engaging in the alleged conduct herein, defendants acted in the course, scope of, and in furtherance of the aforementioned relationship.

30.     Defendants BEF, Inc., BEF, LLC, BER, LLC and Doe Defendants 1 through 10 are collectively referred to herein as "Defendants."

31.     During the statutory period covered by this Complaint, Defendants have operated as a "single enterprise" within the definition of Section 203(r)(1) of the FLSA. Defendants uniformly operated the Bob Evans restaurants throughout the country under common control for a common business purpose.

6

32.    Defendants are/were engaged in related activities, e.g., activities which are necessary to the operation and maintenance of Bob Evans restaurants in the Commonwealth of Pennsylvania and across the country.

33.    Defendants are/were a single and joint employer with a high degree of interrelated and unified operations, sharing common management between restaurant locations, sharing common employees between locations, as well as sharing common human resources and payroll services.  All of Defendants' locations share the common labor policies and practices complained of herein.

34.    During the statutory period covered by this Complaint Defendants collectively owned, operated and/or otherwise controlled the Bob Evans restaurants and employed the Tipped Employees as defined by the FLSA. 29 U.S.C. § 203(d).

## JURISDICTION AND VENUE

35.    This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201 *et seq.*

36.    This Court has original jurisdiction over Plaintiff's claims under the Class Action Fairness Act, 28 U.S.C. § 1332(d).  This is a putative class action whereby: (i) the proposed Rule 23 classes consists of over 100 or more members; (ii) at least some of the members of the proposed Rule 23 classes, including Plaintiff, have a different citizenship from Defendant; and (iii) the claims of the proposed Rule 23 classes exceed $5,000,000.00 in the aggregate.

37.    Further, this Court also has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because those claims derive from a common nucleus of operative facts.

38.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(ii) as a substantial part of the acts or omissions giving rise to the claims alleged herein occurred within this judicial district, and Defendants are subject to personal jurisdiction in this district.

39.     This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## FACTUAL ALLEGATIONS

40.     The crux of the FLSA and PA State Laws is, *inter alia*, that all employees are entitled to be paid all wages due and owing.  This includes the proper overtime wages for hours worked in excess of forty and the mandated minimum wages for all hours worked.

41.     Contrary to these basic protections, Plaintiff and the members of the Classes were deprived of all wages due and owing to them.

42.     Plaintiff and the members of the Classes are, or were, Tipped Employees employed by Defendants.

43.     According to the Company's website, there are at least 500 restaurants operating in the United States.  *See* https://www.bobevans.com/about-us/our-company (last visited November 20, 2018).

44.     Defendants govern and administer each restaurant location in a virtually identical manner so that, among other things, customers can expect and receive the same kind of customer service regardless of the restaurant location that a customer visits.

45.     Indeed, Defendants represent themselves to the general public as one restaurant chain – Bob Evans – that operates in nearly a third of the states across the country.  For example, all of Defendants' restaurant locations use the brand name "Bob Evans" at their respective location and each location offers the same basic array of products and services to the general public.

46.     Further, all the restaurant locations advertise together on the same website.

47.    Upon information and belief, all of the Defendants' locations are/were operated under uniform policies/procedures applicable to all members of the Classes, including subjecting Tipped Employees to the unlawful pay practices complained of herein.

48.    Evidencing this fact, on the Company's website, an individual is able to apply online to any Bob Evans location. The description for "server" is identical for all of Bob Evans locations.

49.    Upon information and belief, Defendants' restaurant locations can "share" Tipped Employees and said employees can transfer from one restaurant location to another.

50.    Moreover, Defendants share common management between restaurant locations. For example, Defendants' regional managers would oversee multiple restaurant locations.

51.    As such, upon information and belief, the employment practices complained of herein occurred at all Bob Evans locations nationwide and within the Commonwealth as Defendants utilized common labor policies and practices at each of their locations.  Accordingly, Defendants are responsible for the employment practices complained of herein.

**Plaintiff's Experience Working For Defendants**

52.    As set forth above, Plaintiff was employed by Bob Evans as a "server" in their New Stanton location in the Commonwealth of Pennsylvania. Plaintiff worked at this location from in or about July 2017 to February 2018.

53.    Plaintiff was paid an hourly cash wage rate from Bob Evans and earned tips from customers who chose to leave her a gratuity.

54.    Plaintiff's hourly wage rate from Bob Evans as a server was $2.83 an hour. Plaintiff does not ever recall her hourly wage being raised above $2.83 for any day she worked for Bob

Evans as a server, irrespective of how little tips she earned or the type of work she performed when clocked in as a server.

55.     For the last several months of her employment with Bob Evans, Plaintiff typically worked five to six days per week as the New Stanton restaurant location was severely understaffed. Additionally, Plaintiff typically worked every weekend and every Sunday morning, which was a "swing shift," meaning she would work from 10:00 a.m. until 8:00 p.m.

56.     For her entire work history with Defendants, Plaintiff estimates that she would work anywhere from 35 to 55 hours a week.

57.     Plaintiff recalls that the New Stanton restaurant location was open from 6:00 a.m. to 9:00 p.m. every day. Plaintiff frequently would work the closing shift. Defendants required Tipped Employees who were closing the restaurant to perform a host of closing activity including cleaning the tables, sweeping the floors, taking out trash, refilling the sugar, creamer and salt and pepper shakers, stocking their sections with clean dishes, tearing down and cleaning the coffee, tea, and soda machines, cleaning the area where the buns, biscuits and other specialty breads were kept, and rolling silverware. When closing the restaurant, Plaintiff estimates that this work took, on average, anywhere from an hour to an hour and a half to complete.

58.     On the few occasions when Plaintiff would work the opening of the restaurant, Defendants would require her and other Tipped Employees to arrive for work by 5:30 a.m. so that they could perform the necessary opening shift work (e.g., prepping the work station, stocking items, making coffee and iced tea, doing any additional work that those working the closing shift did not do the night before, and often having to stock biscuits, rolls, and other specialty breads).

59.     In those instances where Plaintiff was working neither an opening nor a closing shift, Plaintiff would work her shift hours as designated by Defendants. Towards the end of her

shift, or earlier if the restaurant was slow, Plaintiff would be "cut" or relieved of customer responsibility. Thereafter, Plaintiff would be required to perform approximately 30 minutes to 60 minutes of cleaning/break down work before she could leave. Such work included, but was not limited to, breaking down and cleaning work areas at the end of the shift.

60.    Plaintiff recalls several instances when she worked a shift at Bob Evans and earned less than the minimum wage per hour when she combined her tips with her hourly wage.

61.    Plaintiff recorded her work time by logging into Bob Evans timekeeping system through the point-of-sale ("POS") system.

62.    The precise amount of time Plaintiff recorded as working each week, upon information and belief, is maintained in Defendants' employment and/or payroll records.

63.    Notably, Plaintiff was never instructed to clock in under a different job code when performing non-tip generating work (such as set up or breakdown work at the start or end of a shift) or when working prior to or after the restaurant opened/closed. Indeed, to the best of Plaintiff's knowledge, Defendants did not keep track of such time separately from Plaintiff's entries into the POS system.

64.    Importantly, Plaintiff does not ever recall being told that certain pay practices and/or restaurant procedures only applied to her. Accordingly, upon information and belief, Plaintiff believes that her experience with Defendants was typical of the experience other Tipped Employees had with Defendants regarding their pay practices and restaurant procedures.

### The Tip Credit Provision & Requirements

*FLSA Requirements*

65.     Rather than pay its Tipped Employees the applicable minimum wage (either the applicable state minimum wage or the federal minimum wage, whichever is higher), Defendants chose to take a tip credit and pay these employees less than the applicable minimum wage.

66.     Under applicable law, in certain circumstances, it is permissible for an employer to take a tip credit and pay its employees less than the mandated minimum wage, provided that the employee's tips received from customers plus the cash wage paid by the employer equals at least the applicable minimum wage.[1]

67.     According to the Department of Labor's ("DOL") Fact Sheet #15: Tipped Employees Under the Fair Labor Standards Act (FLSA) ("Fact Sheet #15"):

> the maximum tip credit that an employer can currently claim under the FLSA is $5.12 per hour (the minimum wage of $7.25 minus the minimum required cash wage of $2.13).

68.     As is made plain in Fact Sheet #15, in order to claim a tip credit, the employer must comply with five strict notification requirements.

69.     First, the employer must notify the employee of the amount of the cash wage the employer is paying the Tipped Employee and that amount must equal at least $2.13 per hour.

70.     Second, the employer must notify the Tipped Employee of the amount the employer is claiming as a tip credit.  In accordance with the FLSA, the tip credit claimed cannot exceed $5.12 per hour.

---

[1] An employer is not relieved of their duty to pay an employee wages at least equal to the minimum wage by virtue of taking a tip credit or by virtue of the employee receiving tips from customers in an amount in excess of the applicable minimum wage.  That is, an employer in the restaurant industry must pay the employee wages at least equal to the minimum wage or equal to the minimum wage less the tip credit, provided the tips claimed exceed the tip credit.  Under no circumstances is the employer relieved of paying at least the minimum wage for all hours worked, regardless of how much an employee earns in tips.

71.     Third, the employer must inform the Tipped Employee that the tip credit claimed cannot exceed the actual amount of tips received by the employee.  In effect, the employer must inform the employee that the employee must still earn the mandated minimum of $7.25 per hour between the amount of the tip credit taken by the employer and the amount of tips earned by the employee.

72.     Fourth, the employer must notify the Tipped Employee that all tips received are to be retained by the employee except for a valid tip pooling arrangement.

73.     Finally, the Tipped Employee must be informed by the employer that the tip credit will not apply unless the employee has been informed of these provisions.

74.     In short, Fact Sheet #15 effectively sets forth in plain English what is required under the regulations for an employer to properly claim a tip credit.

75.     An employer bears the burden of showing that it has satisfied all of the notification requirements before any tips can be credited against the employee's hourly wage.[2]  If an employer cannot demonstrate its compliance with this notification requirement, no credit can be taken and the employer is liable for the full minimum wage.

76.     Further, where a tipped employee earns less in tips than the tip credit claimed, the employer is required to make up the difference.  Stated another way, if a tipped employee earns less than $5.12 per hour in tips (the maximum tip credit permissible where the employer pays the employee $2.13 per hour), the employer must raise that tipped employee's hourly cash component

_____

[2] Courts have strictly construed this notification requirement.  Accordingly, some courts have held that a generic governmental poster (which is required by the DOL) does not satisfy the tip credit notification requirement.

the necessary amount above $2.13 per hour so as to ensure that the employee earns at least $7.25 per hour – the mandated minimum wage.

77.    As set forth herein, Defendants failed to comply with certain of the FLSA's provisions regarding the claiming of a tip credit.

***Pennsylvania's Requirements***

78.    Pennsylvania state law has a substantially similar requirement to the FLSA's tip notification requirements.  *See* 43 P.S. § 333.103(d).

79.    Importantly, however, Pennsylvania mandates a higher minimum cash wage and requires employers to pay at least $2.83 per hour.  Thus, under Pennsylvania law, the maximum tip credit is $4.42 per hour.[3]

80.    As such, an employer cannot be said to have complied with Pennsylvania's tip credit notification requirements where the employer simply relies on United States Department of Labor mandated posters, as said posters do not explicitly identify the tip credit amount in Pennsylvania (as it differs from the FLSA tip credit amount).

81.    In addition, 34 Pa. Code § 231.34 also requires employers to maintain payroll records that contain the following information:

    (1)  A symbol or letter placed on the pay records identifying each employee whose wage is determined in part by tips;

_____

[3] Like the FLSA, Pennsylvania law states that the tip credit claimed by the employer cannot exceed the amount of tips actually received by the employee.  *See* 43 P.S. § 333.103(d).

(2)  Weekly or monthly amount reported by the employee, to the employer, of tips received.  This may consist of reports made by the employees to the employer on IRS Form 4070;

(3)  Amount by which the wages of each tipped employee have been deemed to be increased by tips, as determined by the employer, not in excess of 45% of the applicable statutory minimum wage until January 1, 1980 and thereafter 40% of the applicable statutory minimum wage.  The amount per hour which the employer takes as a tip credit shall be reported to the employee in writing each time it is changed from the amount per hour taken in the preceding week;

(4)  Hours worked each workday in any occupation in which the tipped employee does not receive tips and total daily or weekly straight-time payment made by the employer for such hours; and

(5)  Hours worked each workday in occupations in which the employee received tips and total daily or weekly straight-time earnings for the hours.

**Defendants' Failure to Comply With Applicable Wage Laws**

**Overtime**

82.     Absent certain exceptions and exemptions not applicable here, both the FLSA and PMWA requires all employers to pay their employees premium overtime wages in the of 1.5 times their regular rate of pay for all hours in excess of 40 in a workweek.

83.     When an employee performs work at two or more hourly job rates during a week and exceeds the forty-hour threshold, that employee's regular rate of pay is a combination of those two hourly rates.  Stated another way, an employer cannot unilaterally elect to pay an employee

for overtime hours worked at the overtime rate of a lower job code, even if the work was performed under that job code.

84.     In the instant matter, when Tipped Employees performed work under both a tipped job code and a non-tipped job code, Defendants only paid the Tipped Employee overtime based on the tipped job code.

85.     Plaintiff's pay record for the pay period ending November 29, 2017, (attached in redacted form as Exhibit B) is a prime example of this practice.

86.     During this pay period, Plaintiff worked forty hours at the tipped rate of $2.83 per hour.  In addition, Plaintiff also worked 10.87 hours of overtime at the tipped overtime rate of $6.4544 per hour.  Although not provided in any detail, it also appears that Plaintiff worked additional "Regular" time during this week and was paid $10.03 for this work.

87.     In short, Defendant did not include this "Regular" work in the calculation of the proper overtime rate for this week.  Indeed, considering the maximum tip credit amount that could be claimed for the 10.87 hours of tipped work is just over $48, it appears that Plaintiff was shorted $5.08 of overtime pay for this pay period (assuming Plaintiff's "regular" rate of pay was the full minimum wage of $7.25 per hour).

88.     It is black letter law that when an employee works, in a single workweek, two or more different types of work where he/she receives two or more different straight-time hourly rates, the regular rate of pay (for purposes of determining overtime compensation) is the weighted average of such hourly rates.  *See, e.g.,* Fact Sheet #23: Overtime Pay Requirements of the FLSA.

89.     As Exhibit B makes plain, Defendants accorded no weight to the "Regular" time Plaintiff worked this particular pay period when calculating her overtime rate.

90.     Consequently, Plaintiff and the members of the Collective OT Class and PA OT Class have been victims of a common policy and plan by Defendant that has violated their rights under the FLSA and the PMWA by denying them premium overtime wages calculated at the proper overtime rate for weeks where the Tipped Employee worked cumulatively over forty hours under both a tipped and a non-tipped job code.

**Minimum Wage Violations**

91.     As explained above, the DOL has very specific requirements regarding what an employer must notify his/her employee of if that employer intends to claim a tip credit.

92.     Rather than comply with the notification requirements set forth in Fact Sheet #15 (and the corresponding regulations)[4], Defendant chose to simply pay their Tipped Employees $2.83 per hour. In short, Defendants failed to conform to the strict regulatory requirements necessary to satisfy the tip credit notification provisions.

93.     The Third Circuit and district courts across the country have held that where an employer fails to satisfy any one of the notification requirements, including paying employees for all hours worked, that employer forfeits the tip credit and must pay the employee the full minimum wage.

94.     Indeed, Plaintiff does not ever recall being notified by Bob Evans that it intended to take a "tip credit," nor how much that amount would be.

95.     In addition, Plaintiff recalls several instances where she earned little to no tips and yet her hourly rate did not change.  For example, Plaintiff recalls working one shift from 4:00 p.m. to 9:00 p.m. and earned only $20 in tips total.  Plaintiff recalls another time where she was called

---

[4] Courts in Pennsylvania look to FLSA jurisprudence when determining whether Pennsylvania's tip credit notification requirements have been satisfied.

into work, worked 45 minutes, earned a total of $3 in tips, and had to call her mother to pick her up because she did not make enough money to put gas in her car.  Yet despite these paltry tips, Defendant still claimed the maximum tip credit of $4.42 for each of these hours worked.

96.    When Plaintiff earned little to no tips, Plaintiff does not ever recall Defendants adjusting her hourly rate upwards so as to account for the low tip amount received.  As set forth above, this is in contravention of applicable wage laws regarding the tip credit provisions.

97.    Moreover, due to the nature of Defendants' business, Defendants were aware that on occasion, Tipped Employees earned little to no tips.  Indeed, Plaintiff recalls being instructed to claim 10% of her sales in tips when entering said information into the POS system at the end of her shift.  This was because the manager did not like entering overrides in the computer system, which was required ever time an employee declared less than 10% of their sales in tips.

98.    Bob Evans also failed to comply with 43 P.S. 231.34 insofar as it failed to notify employees in writing whenever the tip credit claimed by Defendants changed.  Rather, Defendants took the maximum tip credit permissible irrespective of whether its Tipped Employee actually earned sufficient tips to substantiate the tip credit claimed.

99.    Further, Defendants also violated applicable Pennsylvania wage laws by requiring Tipped Employees, including Plaintiff, to be paid a sub-minimum wage for work performed when the Tipped Employee had no opportunity to generate tips, such as before or after the restaurant was opened/closed to the public or when the Tipped Employee was "cut" for the evening.

100.    In such situations, Tipped Employees performed the same basic set-up/break down, stocking, and cleaning work that Plaintiff detailed above.  Indeed, the "server" job description indicates that one of servers "regular" job accountabilities is to handle "food prep equipment such as knives, coffer maker, ice tea machine, etc." and that a physical requirement of servers is to be

able to "freely access . . . [the] stock area" of the restaurant. *See* https://secure.jobappnetwork.com/apply/c_ber/l_en/Team-Member--Server-job-Phoenixville-PA-US-2706925.html#s (last visited January 22, 2019).

101.    At no time did Defendants have Plaintiff or other Tipped Employees clock in under a different code or pay these individuals the full minimum wage for time spent performing such non-tip generating work.  Instead, Defendants elected to continue to pay Plaintiff and other Tipped Employees the minimum cash wage and continued to claim the tip credit despite the fact that these employees could not earn tips during this time.

102.    Such conduct constitutes a violation of 43 P.S. 231.34 insofar as Defendants failed to record the hours where Plaintiff and the other Tipped Employee were engaged in non-tip generating work.

103.    Because of the above violations, Defendants owe Plaintiff and the other Tipped Employees the full minimum wage for every hour they worked and were only paid the minimum cash wage (and Defendants claimed the maximum tip credit for each hour worked).  Thus, the amounts due and owing are significant.

## CLASS & COLLECTIVE ACTION ALLEGATIONS

104.    Plaintiff brings this action on behalf of the Collective Class and Collective OT Class as a collective action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 207 and 216(b). Plaintiff also brings this action as a class action pursuant to Fed. R. Civ. P. 23 on behalf of herself and the PA Class and PA OT Class for claims under the PA State Laws.

105.    The claims under the FLSA may be pursued by those who opt-in to this case pursuant to 29 U.S.C. §216(b).  The claims brought pursuant to the PA State Laws may be pursued by all similarly-situated persons who do not opt-out of the PA Class pursuant to Fed.R.Civ.P. 23.

106.    Upon information and belief, the members of each of the Classes are so numerous that joinder of all members is impracticable.  While the exact number of the members of these Classes is unknown to Plaintiff at this time, and can only be ascertained through appropriate discovery, given that Bob Evans operates over 500 restaurants nationwide and at least 34 restaurants in the Commonwealth, there are likely thousands of individuals in each of the Classes.

107.    Defendants have acted or has refused to act on grounds generally applicable to the Classes, thereby making final injunctive relief or corresponding declaratory relief with respect to the Classes as a whole, appropriate.

108.    The claims of Plaintiff are typical of the claims of the Classes she seeks to represent. Plaintiff and the members of the Classes work or have worked for Defendants and were subject to the same compensation policies and practices.

109.    Common questions of law and fact exist as to the Classes that predominate over any questions only affecting them individually and include, but are not limited to, the following:

(a)    whether Defendants have failed to pay the full minimum wage for each hour worked;

(b)    whether Defendants satisfied each of the requirements in order to claim a tip credit against each hour worked;

(c)    whether Defendants were precluded from claiming the tip credit during the period encompassed by this Complaint;

(d)    whether Defendants properly calculated the overtime wages of their Tipped Employees; and

(e)    whether Plaintiff and members of the Classes are entitled to compensatory damages, and if so, the means of measuring such damages.

110.    Plaintiff will fairly and adequately protect the interests of the Classes as her interests are aligned with those of the members of the Classes.  Plaintiff has no interests adverse to the Classes she seeks to represent, and has retained competent and experienced counsel.

111.    The class action/collective action mechanism is superior to other available methods for a fair and efficient adjudication of the controversy.  The damages suffered by individual members of the Classes may be relatively small when compared to the expense and burden of litigation, making it virtually impossible for members of the Classes to individually seek redress for the wrongs done to them.

112.    Plaintiff and the Classes she seeks to represent have suffered and will continue to suffer irreparable damage from the illegal policy, practice and custom regarding Defendants' pay practices.

113.    Defendants have violated and, continue to violate, the FLSA, 29 U.S.C. §§ 201 *et seq.*  The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a) and willful violation of the PMWA.

**FIRST CLAIM FOR RELIEF**
**FAIR LABOR STANDARDS ACT MINIMUM WAGE VIOLATIONS**
**(On Behalf of the Collective Class)**

114.    Plaintiff, on behalf of herself and the Collective Class, realleges and incorporates by reference the paragraphs above as if they were set forth again herein.

115.    At all relevant times, Defendants have had gross revenues in excess of $500,000.

116.    At all relevant times, Defendants have been and continues to be, an employer engaged in interstate commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

117.    At all relevant times, Defendants have employed, and/or continues to employ, Plaintiff and each of the Collective Class Members within the meaning of the FLSA.

118.    Pursuant to Defendants' compensation policies, rather than pay Tipped Employees the federally-mandated minimum wage, Defendants took a tip credit and paid Tipped Employees only the tip-credit wage.

119.    Defendants have violated and, continues to violate, the FLSA, 29 U.S.C. §§ 201 *et seq.*  The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

120.    Due to Defendants' FLSA violations, Plaintiff, on behalf of herself and the members of the Collective Class, are entitled to recover from the Defendants, compensation for unpaid wages; an additional equal amount as liquidated damages; and reasonable attorneys' fees and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

121.    Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

### SECOND CLAIM FOR RELIEF
### FAIR LABOR STANDARDS ACT MINIMUM WAGE VIOLATIONS
### (On Behalf of the Collective OT Class)

122.    Plaintiff, on behalf of herself and the Collective OT Class, realleges and incorporates by reference the paragraphs above as if they were set forth again herein.

123.    Defendants have engaged in a widespread pattern, policy, and practice of violating the FLSA, as detailed herein.

124.    The overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq.,* and the supporting federal regulations, apply to Defendants and protect Plaintiff and the members of the Collective OT Class.

125.    At all relevant times, Plaintiff and the members of the Collective OT Class were employed by an entity engaged in commerce and/or the production or sale of goods for commerce within the meaning of 29 U.S.C. §§ 203(e), (m), and 206(a), and/or they were engaged in

commerce and/or the production or sale of goods for commerce within the meaning of 29 U.S.C. § 203(e), (r), and (s).

126.    At all relevant times, Plaintiff and the members of the Collective OT Class were employees of Defendants within the meaning of 29 U.S.C. § 203(e).

127.    At all relevant times, Defendants have been an enterprise engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. § 203(e), (r), and (s) with annual gross volume of sales made or business done in excess of $500,000.00.

128.    At all relevant times, Defendants employed Plaintiff and the members of the Collective OT Class within the meaning of 29 U.S.C. § 203(g).

129.    As stated above, Defendants had a policy and practice of failing to use a weighted average of the hourly rates of Tipped Employees who performed two or more different types of work for which Defendants paid them two or more different straight-time hourly rates when Plaintiff and the members of the Collective OT Class worked in excess of forty (40) hours per week.

130.    Defendants' failure to pay Plaintiff and all other members of the Collective OT Class the proper overtime compensation due and owing is a violation of 29 U.S.C. §§ 206, 207.

131.    In violating the FLSA, Defendants acted willfully and with disregard of clearly applicable FLSA provisions.  The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning 29 U.S.C. § 255(a).

132.    Due to the Defendants' FLSA violations, Plaintiff and the members of the Collective OT Class are entitled to recover from Defendants their unpaid overtime compensation, an additional equal amount as liquidated damages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

133.    Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

### THIRD CLAIM FOR RELIEF
### PENNSYLVANIA MINIMUM WAGE ACT– MINIMUM WAGE VIOLATIONS
#### (On Behalf of the PA Class)

134.    Plaintiff, on behalf of herself and the members of the PA Class, realleges and incorporates by reference the paragraphs above as if they were set forth again herein.

135.    At all relevant times, Bob Evans has employed, and/or continues to employ, Plaintiff and each of the PA Class Members within the meaning of the PMWA.

136.    Pursuant to Bob Evans compensation policies, rather than pay Tipped Employees the Pennsylvania mandated minimum wage, Bob Evans improperly took a tip credit and paid Tipped Employees at a rate well below the Pennsylvania minimum wage.

137.    Pursuant to Defendants' compensation policies, rather than pay Tipped Employees the required minimum wage in Pennsylvania, Defendants took a tip credit and paid Tipped Employees only the tip-credit wage.

138.    At relevant times in the period encompassed by this Complaint, Defendants had a willful policy and practice of failing to satisfy the notification requirements in order for Defendants to claim the tip credit.

139.    As a result of Defendants' willful practices, Defendants were not entitled to claim the tip credit and pay Plaintiff and the members of the PA Class less than the Pennsylvania minimum wage for all hours worked.

140.    Defendants have violated and, continue to violate, the PMWA, 43 Pa. C.S.C. § 333.101 *et seq.*

141.    Due to the Defendants' violations, Plaintiff, on behalf of herself and the members of the PA Class, are entitled to recover from Defendants the amount of unpaid minimum wages, attorneys' fees and costs.

### FOURTH CLAIM FOR RELIEF
### PENNSYLVANIA WAGE PAYMENT COLLECTION LAW
(On Behalf of the PA Class)

142.    Plaintiff, on behalf of herself and the members of the PA Class, realleges and incorporate by reference the paragraphs above as if they were set forth again herein.

143.    At all relevant times, Defendants have employed, and/or continues to employ, Plaintiff and each of the PA Class Members within the meaning of the WPCL.

144.    Pursuant to the WPCL, 43 Pa. S. § 260.1 *et seq.* Plaintiff and the members of the PA Class were entitled to receive all compensation due and owing to them on their regular payday.

145.    As a result of Defendants' unlawful policies, Plaintiff and the members of the PA Class have been deprived of compensation due and owing.

146.    In paying Plaintiff and Tipped Employees the tip credit wage, Defendants effectively agreed that Plaintiff and Tipped Employees were to be paid minimum wage.

147.    Indeed, it is black letter law that an employee cannot voluntarily agree or contract to be paid less than the legal minimum wage for each hour worked.  Accordingly, at a minimum, an employee must contract to be paid at least the minimum wage for each hour worked.  Through the practices described above, Defendants paid Plaintiff and other Tipped Employees less than what they were effectively bound to pay -- the legal minimum wage for each hour worked.

148.    Plaintiff, on behalf of herself and the members of the PA Class, are entitled to recover from Defendants the amount of unpaid compensation, and an additional amount of 25% of the unpaid compensation as liquidated damages.

**FIFTH CLAIM FOR RELIEF**
**PENNSYLVANIA MINIMUM WAGE ACT– MINIMUM WAGE VIOLATIONS**
**(On Behalf of the PA OT Class)**

149.    Plaintiff, on behalf of herself and the members of the PA OT Class, realleges and incorporate by reference the paragraphs above as if they were set forth again herein.

150.    At all relevant times, Plaintiff and the members of the PA OT Class were "Employees" and Defendants were their "Employer" within the meaning of the PMWA.

151.    The PMWA provides that employees who work over 40 hours in a workweek shall receive "1½ times such employee's regular hourly wage for each hour of working time in excess of 40 hours in any week."  43 P.S. § 333.104(c).

152.    Defendants violated the PMWA by failing to pay Plaintiff and the members of the PA OT Class the legally mandated hourly overtime premium for hours worked over forty in a workweek.

153.    In violating the PMWA, Defendants acted willfully and with disregard of clearly applicable PMWA provisions.

154.    Pursuant to the PMWA, 43 P.S. § 333.113 Plaintiff and the members of the PA OT Class are entitled to recover from Defendants an amount equal to unpaid overtime compensation for all the hours worked in excess of forty hours in a work week for which they did not receive the proper overtime compensation, in an amount to be proven at trial, together with interest, costs and reasonable attorneys' fees.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and/or on behalf of herself and all other similarly situated members of the Classes respectfully requests the Court grant the following relief:

A.    Designation of this action as a collective action on behalf of the Collective Class and the Collective OT Class, and prompt issuance of notice pursuant to 29 U.S.C. §216(b),

apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. §216(b);

   B.   Designation of the action as a class action under F.R.C.P. 23 on behalf of the PA Class and PA OT Class;

   C.   Designation of Plaintiff as representative of the Classes;

   D.   Designation of Plaintiff's counsel as class counsel for the Classes;

   E.   A declaratory judgment that the practices complained of herein are unlawful under the FLSA and PA State Laws;

   F.   An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with it, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

   G.   An award of unpaid minimum wages to Plaintiff and the members of the Collective Class and PA Class;

   H.   An award of unpaid overtime wages to Plaintiff and the members of the Collective OT Class and PA OT Class;

   I.   An award of liquidated damages to Plaintiff and members of the Classes;

   J.   Pre-judgment interest and post-judgment interest;

   K.   An award of costs and expenses of this action together with reasonable attorneys' and expert fees to Plaintiff and members of the Classes; and

   L.   Such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a jury trial as to all issues so triable.

Dated: January 24, 2019

Respectfully submitted,

By: /s/ Gary F. Lynch

**CARLSON LYNCH KILPELA &
CARPENTER, LLP**
Gary F. Lynch (PA ID# 56887)
1133 Penn Ave, 5th Floor
Pittsburgh, PA 15222
T: 412-322-9243
F: 412-231-0246
glynch@carlsonlynch.com

**CONNOLLY WELLS & GRAY, LLP**
Gerald D. Wells, III
Robert J. Gray
2200 Renaissance Blvd., Suite 275
King of Prussia, PA 19406
Telephone: 610-822-3700
Facsimile: 610-822-3800
gwells@cwg-law.com
rgray@cwg-law.com

*Attorneys for the Plaintiff*